UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN GROTE, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDMINDER SYSTEMS, INC., and TROY L. HILSENROTH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

## I.     INTRODUCTION

1.      John Grote, individually and on behalf of those similarly situated, brings this action against Medminder Systems, Inc., Troy L. Hilsenroth, Jeffrey Berkowitz, Uri Geigher, Sundar Subramaniam, Daniel Cohen, Wayne Cafran, and David Shulkin, (collectively, the "Defendant" or "Medminder"). The Defendant failed to pay the Plaintiff, and similarly situated employees, all earned wages and overtime in violation of the Fair Labor Standards Act 29 U.S.C. 201 *et seq.*("FLSA") and Massachusetts wage and hour laws.

2.      Medminder is a pharmacy which provides patients medications through the mail. Mendminder's employees, including Mr. Grote, process individual's prescriptions. Medminder's employees, including Mr. Grote, are regularly scheduled and work in excess of 40 hours in a work week, but are not paid time and a half for those excess hours. Additionally, at times Medminder fails to pay employees at all or more than six days after the pay period in which the wages are earned.

1

## II. PARTIES

3. Plaintiff John Grote resides in Providence, Rhode Island.

4. Defendant Medminder Systems, Inc. is a corporation incorporated under the laws of Delaware operating as a foreign corporation in Massachusetts with its principal place of business located at 320 Norwood Park South, Ste. 101, Norwood, Massachusetts 02062.

5. At all relevant times, Defendant Troy L. Hilsenroth served as the President, Treasurer, Secretary, and a Director of Medminder and resides at an address presently unknown to the Plaintiff.

6. On information and belief, at all relevant times, Defendant Troy L. Hilsenroth had the right to hire and fire Medminder employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367, federal question, and supplemental jurisdiction.

8. The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as the Defendant has its principal place of business in this District.

## IV. FACTS

10. The Defendant operates a pharmacy in Norwood, Massachusetts.

11. In or around April 2021, the Defendant hired Plaintiff Grote to work to fill prescriptions at its Norwood facility.

12. At all times, the Defendant agreed to pay the Plaintiff, and other similarly situated employees, an hourly rate.

13. The Plaintiff, and other similarly situated employees, are scheduled to work more than 40 hours in a single workweek and at times as much as 70 hours.

14. Despite working more than 40 hours in a single workweek, the Defendant fails to pay the Plaintiff, and other similarly situated employees, time and a half for the hours worked in excess of 40.

15. As an example, Plaintiff Grote was scheduled to work and did work approximately a ten hour shift each day starting December 4, 2023 through December 10, 2023.

16. Despite working approximately seventy hours between December 4, 2023 and December 10, 2023 the Defendants failed to pay Mr. Grote time and a half for the hours in excess of 40.

17. Additionally, Mr. Grote would also work during weeks he was not scheduled and not paid for that work in the following pay period.

18. The employees who are similarly situated to Plaintiff Grote are paid hourly, fill prescriptions for Medminder's clients, and are regularly scheduled and do work more than 40 hours within a single workweek but are not paid overtime.

19. Medminder subjects Plaintiff Grote and the similarly situated employees to the same policy of scheduling them for more than 40 hours in a workweek and then failing to pay them overtime wages.

## COUNT I
### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 201 *et seq.*

20. The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

21. The Defendant has at all relevant times been an "enterprise" within the meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

22. The Defendant has at all relevant times been "an enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

23. On information and belief, at all relevant times, the Defendant has had an annual gross revenue exceeding $500,000.00, used products to conduct its business that originated outside of Massachusetts, and handled credit card transactions.

24. Under 29 U.S.C. § 207(a), "no employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed."

25. The Defendant is and at all times material hereto has been an employer of the Plaintiff and similarly situated employees for purposes of the FLSA.

26. Defendant Troy L. Hilsenroth, is and at all times material hereto has been an employer of the Plaintiff and similarly situated employees for purposes of the FLSA.

27. By failing to pay overtime wages at a rate of not less than one-half times the regular rate for each workweek in excess of forty hours, the Defendant violated 29 U.S.C 207(a).

28. Defendant's failure to pay the Plaintiff and similarly situated employees overtime wages was done either willfully or with reckless disregard of the FLSA.

29. The Defendant consistently fails to pay the Plaintiff and similarly situated employees all overtime wages they are due under the FLSA.

30. Under 29 U.S.C. § 216(b), "any employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

31. As a result, Defendant's violation of the FLSA entitles the Plaintiff and similarly situated employees to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to their unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

## COUNT II
## NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF M.G.L. c. 151, §1A, 1B

32. The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

33. The Defendant failed to pay the Plaintiff and similarly situated employees the overtime wages that they earned, as required by law.

34. The Defendant's failure to comply with M.G.L. c. 151 §§ 1A, 1B entitles the Plaintiff and similarly situated employees to recover three times their unpaid overtime wages, interest, reasonable attorney's fees and costs of litigation.

## COUNT III
## NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

35.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

36. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

37. Section 148 provides, in relevant part:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week. . .

38.     By failing to pay the Plaintiff similarly situated employees their earned wages on time and in full, the Defendant violated the Wage Act.

39.     The Defendant's failure to comply with M.G.L. c. 149, § 148 entitles the Plaintiff and similarly situated employees to recover treble damages, interest, reasonable attorney's fees, costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

## COUNT IV
## FAILURE TO ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151, § 15, AND 454 CODE MASS. REGS. 27.07(2)

40.     The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

41.     M.G.L. c. 149, § 148 provides:

> An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

42.     M.G.L. c. 151, § 15 provides:

  Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

43.  454 Code Mass. Regs. § 27.07(2) provides:

  For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

44.  M.G.L. c. 151, § 19 provides:

  An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] … shall have violated [M.G.L. c. 151, § 19].

45.  M.G.L. c. 149, §150 provides:

  An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may … prosecute in his own name … a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

46.  By failing to issue the Plaintiff and similarly situated employees pay stubs that accurately reflect their total number of hours worked, Defendants have violated M.G.L. c. 149, § 148, M.G.L. c. 151, §19, and 454 Code Mass. Regs. § 27.07(2).

47.  The Defendant's failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148 entitles the Plaintiff and similarly situated employees to recover treble damages, interest, reasonable attorney's fees, and costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

**COUNT V**
**BREACH OF CONTRACT**
**(Against the Company Only)**

48.  The Plaintiff and the Defendant were parties to a contract under which the Defendant agreed to and had a duty to pay the Plaintiff wages as agreed to.

49. The Defendant breached its contractual duty by failing to pay the Plaintiff the wages due pursuant to the terms of the contract.

50. The Defendant's breaches were material.

51. As a result of the Defendant's breaches, the Plaintiff suffered damages.

52. The Defendant's breaches were both the proximate and actual cause of Plaintiff's damages.

53. The Defendant breached the covenant of good faith and fair dealing implicit in every Massachusetts contract.

54. The Defendant's breaches of contract entitle the Plaintiff to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

WHEREFORE, the Plaintiff requests that the Court:

1. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 and/or a collective action pursuant to 29 U.S.C. 201 *et seq.*;

2. Award unpaid overtime wages, interest, liquidated damages, reasonable attorneys' fees, and the costs of this action pursuant to 29 U.S.C. §§ 201 *et seq.* in an amount to be determined at trial on behalf of the Plaintiff and similarly situated employees;

3. Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 151, § 1B for unpaid overtime wages in an amount to be determined at trial on behalf of the Plaintiff and similarly situated employees;

4. Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for unpaid wages in an amount to be determined at trial on behalf of the Plaintiff and similarly situated employees;

5. Award contract damages and pre-judgement interest for breach of contract in an amount to be determined at trial on behalf of the Plaintiff; and

6. Award such other relief that the Court deems just.

**JURY DEMAND**

The Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

JOHN GROTE,
By their attorneys,

*/s/  Matthew Patton*
_____
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Matthew Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
50 Congress Street, Suite 540
Boston, MA 02109
(617) 338-9400
mdp@mass-legal.com

Dated: March 6, 2024